Edward M. O ’Gorman, J.
This is an action in which plaintiffs seek a permanent injunction restraining the defendants from engaging in a concerted work stoppage in violation of section 210 of the Civil Service Law.
The plaintiffs have moved by order to show cause herein for a temporary injunction restraining the defendants from engaging in such work stoppage, pending the outcome of this action. The defendants have made a cross motion for an order of this court denying the motion for the temporary injunction herein, and directing the Board of Education of the Newburgh City School District to enter into meaningful collective bargaining negotiations.
The defendants do not challenge the sworn assertions in plaintiffs’ affidavits in support of the motion that since September 17,1973, a strike of the school teachers in the Newburgh City School District has actually been in progress. This fact has been formally admitted by counsel for the defendants, and the court so finds. It is the contention of the defendants that sections 210 and 211 of the Civil Service Law are unfair, and that the Board of Education of the City of Newburgh is not bargaining with them in good faith, and that for these reasons the defendants have a legal right and a moral obligation to conduct a strike to secure their collective bargaining objectives.
The language of section 210 of the Civil Service Law forbidding concerted work stoppages by teachers is clear. This law, which denies the right to strike to certain public employees, *390 is an expression of the Legislature’s conclusion that in an orderly society, the benefits to be gained from the use of a strike in aid of collective bargaining are outweighed by the damage to the community as a whole when certain necessary public functions are brought to.a halt by a strike. Nowhere is such damage more apparent than when the orderly operation of a city’s schools is disrupted.
If the Board of Education has failed to bargain with these defendants in good faith, or if other rights guaranteed to them by the Civil Service Law have been violated, there are remedies provided by law by which defendants may secure redress (see §§ 209, 209-a, subd. 1). The right to strike, however, is-not one of these rights.
The defendants should not delude themselves, nor permit themselves to be deluded into concluding that their violation of this particular law is justified on the ground that the law and its objectives are invalid or unconstitutionl. These matters have already been passed upon by the Court of Appeals in City of New York v. De Lury (23 N Y 2d 175). This law may not be intentionally violated, legally or morally, on the theory that it is being “ tested ”.
The court’s duty to issue this injunction is clear. The defendants’ duty to obey the injunction is also clear, and for this reason, the order directing the preliminary injunction herein has been signed by the court.